# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

————————————

CELSA ROMERO RAMIRES,

      Plaintiff,

    v.                            No. 1:20-cv-203-KWR-SMV

CHAD WOLF, KENNETH T. CUCCINELLI,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
MICHAEL PAUL, WILLIAM P. BARR,
CHRISTOPHER WRAY, and the FEDERAL BUREAU
OF INVESTIGATIONS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss for Failure to State a Claim, filed May 18, 2020 (**Doc. 3**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well-taken in part and, therefore, is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff alleges she was working at an Arby's restaurant when she was robbed and held by gunpoint on February 22, 2017. **Doc. 1-2 at 1.** Plaintiff filed an application for a U-visa and employment authorizations documents. **Doc. 1 at 11.** Plaintiff has yet to be placed on a U-visa waitlist. *Id.* She filed an application for a U-nonimmigrant status and employment authorization on December 11, 2017. *Id.* Plaintiff asserts that this delay prevented her from getting a better job and has forced her to continue to work at Arby's where she was robbed. In her complaint, she asserts the following claims:

Count I: Declaratory Judgment for failure to adjudicate her U-visa status and failure to place her on the wait list;

Count II:  Violation of 5 U.S.C. §§ 555, 702, 704, 706 (APA Claims); and

Count III: Relief under the Mandamus Act.

## LEGAL STANDARD

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court need not accept legal conclusions as true.  *Iqubal* 556 U.S. at 678–79, citing *Twombly*, 550 U.S. at 555–56.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

## DISCUSSION

## I.        U-visa statute/regulation.

Congress created the U-visa in 2000, 8 U.S.C. § 1101(a)(15)(U), and it was implemented by regulation.  8 C.F.R. 214.14.  The Act created a nonimmigrant visa classification that permits immigrants who are victims of serious crimes and who assist law enforcement to apply for and

receive a nonimmigrant visa called a U-visa. § 1101(a)(15)(U). The U-visa provides legal status to petitioners and qualifying family members to apply for work authorization and remain in the United States. *Id.* The qualification requirements are set forth by statute. 8 U.S.C. § 1101(a)(15)(U)(i)(I-IV).

Congress imposed a statutory cap of 10,000 U-visas each fiscal year. 8 U.S.C. § 1184(p)(2)(A). Once the fiscal year limit is reached, eligible U-visa applicants are placed on a waiting list. 8 C.F.R. § 214.14(d)(2). To be placed on the wait list, a petitioner must meet the requirements for a U-visa. 8 C.F.R. § 214.14(d)(2). In other words, an applicant must meet the U-visa requirements to both be placed on the waitlist and receive a U-visa. The USCIS has the sole discretion whether to grant or deny a U Visa. 8 U.S.C. § 1101(a)(15)(U).

USCIS reviews the petitions on the waiting list based on the date they were filed, with the oldest petitions receiving the highest priority. 8 C.F.R. § 214.14(d)(2).. While on the waiting list, USCIS grants the petitioner and qualifying family members deferred action, a discretionary form of relief that defers removal and confers employment authorization benefits. *Id.*

## II.   Plaintiff states a plausible claim that Defendants have unreasonably delayed placing her on waitlist.

Plaintiff argues that Defendants have unreasonably delayed putting on her on a waitlist for a U-Visa pursuant to 8 CFR 214.14(d)(2). The APA provides that "*within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." 5 U.S.C. § 555(b) (emphasis added). To ensure that agencies comply with this provision, the APA provides that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Such challenges are appropriate, however, only when the plaintiff shows "an agency failed to take a

*discrete* agency action that it is *required to take.*" *Norton v. So. Utah Wilderness Alliance,* 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004) (emphasis in original).

The regulation creating the waiting list provides as follows: "All eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement. Priority on the waiting list will be determined by the date the petition was filed with the oldest petitions receiving the highest priority….USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members." 8 C.F.R. § 214.14(d)(2).

The Seventh Circuit has recognized that eligible U-visa applicants must be placed on the waiting list "within a reasonable time." *Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017). In deciding "whether the plaintiff's wait to have [her] U[-]visa petition reviewed [i]s unreasonable," courts may consider: (1) the length of the delay, (2) "the backlog of petitions", and (3) the agency's "effort to reduce the backlog." *Id.* at 276; *see also Haus v. Nielsen*, No. 17 C 4972, 2018 WL 1035870, at *4 (N.D. Ill. Feb. 23, 2018) (distilling these factors).

Moreover, in determining whether a delay is reasonable, the Court may consider the TRAC factors set forth in *Telecommunications Research and Action Center v. Federal Communications Commission*, 750 F.2d 70 (D.C. Cir. 1984). Those factors are: (1) "the time agencies take to make decisions must be governed by a 'rule of reason' "; (2) "where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply the content for this rule of reason"; (3) "delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake"; (4) "the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority"; (5) "the court should also take into account the nature

and extent of the interests prejudiced by delay"; and (6) "the court need not 'find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed." ' " *Id.* at 80.

Defendants assert that Plaintiff failed to allege a plausible claim for unreasonable delay in adjudicating her placement the U-visa waitlist.  Plaintiff argues that the Court should not consider dismissal without a factual lrecord.

Plaintiff has plausibly alleged that Defendants have unreasonably delayed her placement on the waitlist pursuant to 8 CFR 214.14(d)(2).  It is now approaching three years since she submitted her application, and she alleges that Defendants have taken no steps to reduce their backlog.  *See, e.g., Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017) ("Due to the circumstances USCIS faces and the agency's recent changes to alleviate the backlog, we do not find Ramirez's wait to be unreasonable at this time.").  The Court is not prepared to conclude that a three-year wait is *per se* reasonable without considering the circumstances surrounding the delay. *See Patel v. Cissna*, 400 F. Supp. 3d 1373, 1384 (M.D. Ga. 2019); *Haus*, 2018 WL 1035870, at *4 ("[T]he Court is not prepared to hold on a motion to dismiss for failure to state a claim that the three-year delay in reviewing [plaintiff's] U visa petitions for placement on the waiting list is reasonable as a matter of law."); *Solis v. Cissna*, No. CV 9:18-00083-MBS, 2018 WL 3819099, at *4-*5 (D.S.C. Aug. 10, 2018) (finding U Visa applicant stated an unreasonable delay claim for 37-month delay).

Moreover, the above TRAC factors are a fact-intensive analysis and the Court finds that dismissal is not appropriate at this time.  "What constitutes an unreasonable delay in the immigration context depends to a great extent on the facts of the particular case." *Haus v. Nielsen*, No. 17 C 4972, 2018 WL 1035870, at *3 (N.D. Ill. Feb. 23, 2018) (quoting *Yu v. Brown*, 36 F.

Supp. 2d 922, 935 (D.N.M. 1999)); *see also Gelfer v. Chertoff*, No. C06-06724 WHA, 2007 WL
902382, at *2 (N.D. Cal. Mar. 22, 2007) (finding it "premature" at the motion to dismiss stage "to
consider the exact sources of the delay to determine whether the delay was actually unreasonable
under the circumstances"); *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1383 (M.D. Ga. 2019);*M.J.L.
v. McAleenan*, 420 F. Supp. 3d 588, 598 (W.D. Tex. 2019) ("the Court finds that it is premature to
address these factors at the motion to dismiss stage and before discovery has been completed.");
*see also Gelfer v. Chertoff*, No. C06-06724 WHA, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22,
2007) (finding it "premature" at the motion to dismiss stage "to consider the exact sources of the
delay to determine whether the delay was actually unreasonable under the circumstances"), *citing
Rodriguez*, 2018 WL 4783977, at *21; *Lopez*, 2018 WL 5013830, at *5.

   Defendants appear to assert that Plaintiff does not state a plausible claim because
Defendants have a "first come, first serve" system, they have a large backlog, and they do not have
any additional resources to dedicate to processing U visa application.  These arguments appear to
be based on facts outside the confines of the complaint.  They may or may not be meritorious on
a factual record.

## III.   <u>Court lacks jurisdiction to order Defendants to adjudicate Plaintiff's work authorization under 8 U.S.C. § 1184(p)(6).</u>

   Plaintiff alleges that Defendants have unreasonably delayed granting her temporary work
authorization under 8 U.S.C. § 1184(p)(6).  Under that subsection, "[t]he Secretary may grant work
authorization to any alien who has a pending, bona fide application for nonimmigrant status under
section 1101(a)(15)(U) of this title.").  *Id.*

   Defendants argue that the Court does not have jurisdiction to consider whether Defendants
are unreasonably delaying a decision on her temporary employment authorization under 8 U.S.C.

§ 1184(p)(6).  The Court agrees and concludes that it lacks jurisdiction to direct Defendants to adjudicate her work authorization under § 1184(p)(6).

"[C]hallenges directed solely at the agency's discretionary and factual determinations remain outside the scope of judicial review" under 8 U.S.C. § 1252(a)(2)(B)(ii).  *Ferry v. Gonzales*, 457 F.3d 1117, 11130 (10th Cir. 2006).  That statute provides that "no court shall have jurisdiction to review… (ii) any other decision or action of the … Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion… of the Secretary of Homeland Security…" § 1252(a)(2)(B)(ii).  The Tenth Circuit does not require the use of the word "discretion" and will infer discretion when it arises from the statutory text. *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999); *Green v. Napolitano*, 627 F.3d 1341, 1344 (10th Cir. 2010) (employing conditional terms such as "may" and "at any time," the statute uses language that is "indicative of administrative discretion.").

Section 1252(a)(2)(B)(ii) clearly grants Defendants discretion to adjudicate work authorization under § 1184(p)(6), therefore the Court lacks jurisdiction to order adjudication of work authorization under § 1184(p)(6).  Section 1184(p)(6) provides "[t]he Secretary *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6) (emphasis added).

The word "may" is a clear grant of discretion to the USCIS.  The statute does not mandate that the USCIS give work authorization to pending, bona fide applications, or direct USCIS to promulgate regulations implementing this statute. The statute also doesn't require that USCIS adjudicate whether to give a petitioner work authorization while pending placement on the wait list.  Rather, the statute simply says that USCIS "may" grant work authorization to pending, bona fide applications. *Uranga v. U.S. Citizenship & Immigration Servs.,* No. CV 20-0521 (ABJ), 2020

7

WL 5763633, at *10 (D.D.C. Sept. 28, 2020) ("while Congress gave the government the authority to issue EAD to those with pending, bona fide U-visa applications, it did not require the agency to determine whether any particular applicant was eligible to receive them.").

Moreover, there are no regulations implementing § 1184(p)(6) that require that USCIS adjudicate whether to grant pending, bona fide applicants work authorization.  In contrast, the USCIS has a clear duty to adjudicate placement on the wait list.  8 CFR § 214.14(d)(2).  Those regulations make it clear that USCIS is required to determine whether a petitioner is eligible for a U-visa, even if the ultimate decision to issue a U-visa is discretionary. *See* 8 C.F.R. § 214.14(c)(5) ("After completing its de novo review of the petition and evidence, USCIS *will* issue a written decision approving or denying form I-918 ...."); *id.* § 214.14(c)(5)(i) ("If USCIS determines that the petitioner has met the requirements for U-1 nonimmigrant status, USCIS *will* approve Form I-918."); *id.* § 214.14(d)(2) ("All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on a waiting list and receive written notice of such placement.") (emphases added).

Plaintiff appears to argue that USCIS has a non-discretionary duty to review each application and issue a decision on whether it will grant employment authorization, citing to *Rodriguez v. Nielson*, 16-CV-7092 (MKB), 2018 WL 4783977, at *10 (E.D.N.Y. Sept. 30, 2018) ("when a statute provides specific standards of eligible for a benefit or relief, an individual applying for that relief has a right to ruling even if the outcome of that ruling is discretionary). The Court does not find that case persuasive, as it cites to inapplicable habeas law. *See INS v. St. Cyr*, 533 U.S. 289 (2001).  Moreover, the case relied upon in *INS v. Cyr*, *Jay v. Boyd,* 351 U.S. 345, 353–354, 76 S.Ct. 919, 100 L.Ed. 1242 (1956), "was not even based on the principle that statutory standards of eligibility, alone, create a duty to adjudicate eligibility" because in that case

"the agency's duty to adjudicate applications was explicitly mandated by regulations, not based solely on a presumption." *Patel*, 400 F. Supp.3d at 1382.

Moreover, the statute does not have a specific standard of eligibility mandating adjudication. It is unclear what Congress meant by "bona fide" and the statute does not require the USCIS to evaluate whether an application is bona fide. *Uranga v. U.S. Citizenship & Immigration Servs.*, No. CV 20-0521 (ABJ), 2020 WL 5763633, at *8 (D.D.C. Sept. 28, 2020) ("But there is no indication in the statute that the Secretary is *required* to evaluate whether a petitioner's application is bona fide, and therefore, the Court agrees with the government that these two counts fail for lack of jurisdiction."); *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1381 (M.D. Ga. 2019) ("it could mean that a superficial review of the application reveals that it is generally in order—that it is signed and does not appear fraudulent. Or it could mean that, if everything in it is true, then the person likely qualifies for a U Visa, so it is bona fide. Or maybe it just means there is no obvious reason not to let the applicant work while waiting to get on the waiting list."). Because there is no clear standard of eligibility, Defendants are not required to adjudicate applications for employment authorization under § 1184(p)(6).

Rather, Congress did not require the USCIS determine whether any particular applicant was eligible to receive work authorization under § 1184(p)(6). Because it is purely a discretionary decision, the Court does not have jurisdiction to order work authorization or adjudication of work authorization pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii). *See, e.g., Uranga v. U.S. Citizenship & Immigration Servs.*, No. CV 20-0521 (ABJ), 2020 WL 5763633, at *10 (D.D.C. Sept. 28, 2020) (court did not have jurisdiction to review discretionary decision under § 1252(a)(2)(B)(ii) to review a claim under § 1184(p)(6) because "while Congress gave the government the authority to issue EAD to those with pending, bona fide U-visa applications, it did not require the agency to

determine whether any particular applicant was eligible to receive them."); *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1382 (M.D. Ga. 2019) (holding that an "examination [of § 1184(p)(6)] readily" establishes that the Government was not under a "'specific, unequivocal command' to make [a] determination" regarding work authorization, and thus, the Court lacked jurisdiction over the plaintiff's claim); *Gonzalez v. Cissna*, 364 F. Supp. 3d 579, 584 (E.D.N.C. 2019), *appeal docketed*, No. 19-1435 (4th Cir.) (explaining that 8 U.S.C. § 1184(p)(6) "clearly gives USCIS the *discretion* to grant work authorizations to aliens with pending, bona fide U Visa applications" and thus "the Court lacks jurisdiction over" the plaintiffs' claims related to seeking EADs) (emphasis in original); *M.J.L. v. McAleenan*, 420 F.Supp. 3d 588, 598-99 (W.D. Tex. 2019) (report and recommendation), *adopted by MJL and RRR v. McAleenan*, No. 19-CV-00477 (LY), Dkt. 32 (W.D. Tex. Jan. 24, 2020) (unpublished) (order on report and recommendation) (same).

        For the same reasons, Plaintiff's a writ to adjudicate her § 1184(p)(6) employment authorization also fails. The Mandamus Act, 28 U.S.C. § 1391, makes clear that a court has jurisdiction to issue a writ of mandamus only if plaintiff demonstrates "(1) that [s]he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that [s]he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005). To secure mandamus relief, the petitioner must show a "clear and indisputable" right to the writ. *Id.* This claim fails on the first two prongs, because "Defendants do not have a specific, unequivocal duty to adjudicate work authorization requests for persons who are waiting to be placed on the waiting list pursuant to § 1184(p)(6)." *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1382 (M.D. Ga. 2019); *Uranga v. U.S. Citizenship & Immigration Servs.*, No. CV 20-0521 (ABJ), 2020 WL 5763633, at *10 (D.D.C. Sept. 28, 2020) (""Because the agency is not required to

adjudicate Plaintiff's work authorization request or issue the relief that he seeks under section 1184(p)(6), he has no clear, indisputable right to relief…").

## CONCLUSION

Plaintiff has stated a plausible claim that Defendants unreasonably delayed placing her on a U-visa waitlist pursuant to 8 CFR 214.14(d)(2).  However, the Court lacks jurisdiction to force Defendants to adjudicate whether to grant her temporary employment authorization under § 1184(p)(6).

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (**Doc. 3**) is **GRANTED IN PART** and **DENIED IN PART.**

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE